```
               IN THE UNITED STATES DISTRICT COURT
               FOR THE NORTHERN DISTRICT OF TEXAS
                        FORT WORTH DIVISION

MAURICE SANDERS,                §
                                §
          Petitioner,           §
                                §
v.                              §         No. 4:19-CV-651-Y
                                §
LORIE DAVIS, Director,          §
Texas Department of Criminal    §
Justice, Correctional           §
Institutions Division,          §
                                §
          Respondent.           §
```

**OPINION AND ORDER**

Before the Court is a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 filed by Petitioner, Maurice Sanders, a state prisoner, against Lorie Davis, director of the Texas Department of Criminal Justice, Correctional Institutions Division, Respondent. After having considered the pleadings and relief sought by Petitioner, the Court has concluded that the petition should be dismissed as time-barred.

**I. Factual and Procedural History**

On April 19, 2001, in Tarrant County, Texas, Cause No. 0763420, a jury found Petitioner guilty of two counts of indecency with a child, Petitioner pleaded true to the sentence-enhancement notices in the indictment, and the jury assessed his punishment at 50 years' confinement. (Clerk's R. 63, doc. 13-1.) On January 31, 2002, the state appellate court affirmed the trial court's judgment. (Op. 25, doc. 13-6.) Petitioner did not file a petition

for discretionary review. (Pet. 3, doc. 1.) On January 1, 2018, Petitioner filed a state habeas-corpus application challenging his convictions, which was denied by the Texas Court of Criminal Appeals without hearing or written order on the findings of the trial court.[1] (SHR App. 9-25 & Action Taken, docs. 13-9 & 13-10.[2]) This federal petition challenging his conviction was filed on August 9, 2019.[3] (Pet. 10, doc. 1.) He raises four grounds for relief. (Id. at 6-7.) Respondent asserts that the petition should be dismissed as time-barred under the federal statute of limitations. (Resp't's Answer 6-11, doc. 11.)

## II. Statute of Limitations

Title 28, United States Code, § 2244(d) imposes a one-year statute of limitations on federal petitions for writs of habeas corpus filed by state prisoners. Section 2244(d) provides:

> (1) A 1-year period of limitations shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitations period shall run from the latest of-
>
>    (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
>    (B) the date on which the impediment to filing

---

[1] Petitioner's state habeas application is deemed filed when placed in the prison mailing system. *Richards v. Thaler*, 710 F.3d 573, 578-79 (5th Cir. 2013). Although the document does not reflect that information, Petitioner signed the the document on January 1, 2018. For purposes of this opinion, the petition is considered filed on that date.

[2] "SHR" refers to the record of Petitioner's state habeas proceeding in WR-88,659-01.

[3] Petitioner's federal habeas petition is also deemed filed when placed in the prison mailing system. *Spotville v. Cain*, 149 F.3d 374, 377 (5th Cir. 1998).

2

>     an application created by State action in violation
>     of the Constitution or laws of the United States is
>     removed, if the applicant was prevented from filing
>     by such State action;
>
>         (C) the date on which the constitutional right
>     asserted was initially recognized by the Supreme
>     Court, if that right has been newly recognized by
>     the Supreme Court and made retroactively applicable
>     to cases on collateral review; or
>
>         (D) the date on which the factual predicate of
>     the claim or claims presented could have been
>     discovered through the exercise of due diligence.
>
>     (2) The time during which a properly filed
>     application for State post-conviction or other collateral
>     review with respect to the pertinent judgment or claim is
>     pending shall not be counted toward any period of
>     limitations under this subsection.

28 U.S.C. § 2244(d)(1)-(2).

In a skeletal petition, Petitioner refers the Court to a "Supreme Court ruling in June 2019" and states that "Black petitioner [accused] with a all white jury. Supreme Court rulled in June, 2019 that was error in court." (Pet. 6, doc. 1 (all spelling, grammatical, and/or punctuation errors are in the original).) Presumably this is a reference to the United States Supreme Court decision in *Flowers v. Mississippi,* --- U.S. ---, 139 S. Ct. 2228 (2019) (finding purposeful discrimination *under Batson v. Kentucky,* 476 U.S. 79 (1986), based on the facts of the case), ostensibly for purposes of invoking subsection (C). However, *Flowers* did not establish a new constitutional right. The United States Supreme Court expressly stated that in the decision "we break no new legal ground. We simply enforce and reinforce *Batson* by applying it to

3

the extraordinary facts of this case." *Id.* at 2235, 2251.

Instead, under subsection (A), applicable in this case, the judgment on the jury verdict became final upon expiration of the time that Petitioner had for filing a petition for discretionary review in the Texas Court of Criminal Appeals on Monday, March 4, 2002.[4] Therefore, limitations began the next day and closed one year later on March 4, 2003, absent any tolling. *See* TEX. R. APP. P. 68.2(a); *Roberts v. Cockrell*, 319 F.3d 690, 694 (5th Cir. 2003).

Tolling of the limitations period may be appropriate under the statutory-tolling provision in § 2244(d)(2) and/or as a matter equity. Petitioner's state habeas application filed on January 1, 2018, after limitations had already expired, did not operate to toll the limitations period. *See Scott v. Johnson,* 227 F.3d 260, 263 (5th Cir. 2000). Thus, absent tolling as a matter of equity, Petitioner's petition filed on August 9, 2019, is untimely.

For equitable tolling to apply, a petitioner must show (1) that he has been pursuing his rights diligently and (2) that some extraordinary circumstance stood in his way and prevented him from filing a timely petition or he can make a "convincing showing" that he is actually innocent of the crime for which he was convicted. *McQuiggin v. Perkins*, 569 U.S. 383, 386 (2013); *Holland v. Florida*, 560 U.S. 631, 649 (2010) (quoting *Pace v. DiGuglielmo,* 544 U.S. 408 (2005)). Petitioner makes no such showing. He provides no explanation for his years-long delay and the record reveals none.

---

[4] March 2, 2002, was a Saturday.

4

His extreme delay mitigates against equitable tolling. "Equity is not intended for those who sleep on their rights." *Fisher v. Johnson,* 174 F.3d 710, 715 (5th Cir. 1999). Nor does he allege, much less present new reliable evidence, that he is actually innocent of the offenses for which he was convicted.

Accordingly, Petitioner's federal petition was due on or before March 4, 2003. His petition filed on August 9, 2019, is therefore untimely.

### III. Conclusion

For the reasons discussed, Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 is DISMISSED as time-barred.

Further, Federal Rule of Appellate Procedure 22 provides that an appeal may not proceed unless a certificate of appealability is issued under 28 U.S.C. § 2253. The certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right. *Miller-El v. Cockrell,* 537 U.S. 322, 336 (2003). "Under this standard, when a district court denies habeas relief by rejecting constitutional claims on their merits, 'the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong.'" *McGowen v. Thaler,* 675 F.3d 482, 498 (5th Cir. 2012) (quoting *Slack v. McDaniel,* 529 U.S. 473, 484 (2000)). When the district court denies the petition on procedural grounds

5

without reaching the merits, the petitioner must show "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.* (quoting *Slack*, 529 U.S. at 484). This inquiry involves two components, but a court may deny a certificate of appealability by resolving the procedural question only. Petitioner has not made a showing that reasonable jurists would question this Court's procedural ruling. Therefore, a certificate of appealability should not issue.

    SIGNED April 22, 2020.

                                              */s/ Terry R. Means*
                                              TERRY R. MEANS
                                              UNITED STATES DISTRICT JUDGE